UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
ANUDEEP MEKA,                                                    :
                                                                :
                    Plaintiff,                                  :   **ORDER GRANTING**
        -against-                                               :   **DEFENDANT'S MOTION TO**
                                                                :   **DISMISS**
DELOITTE LLP ET AL,                                             :
                                                                :   25 Civ. 3547 (AKH)
                    Defendants.                                 :
--------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

  Plaintiff Anudeep Meka filed suit on April 29, 2025, alleging Defendants Deloitte LLP ("Deloitte") and its subsidiary, Deloitte Consulting LLP ("Deloitte Consulting"), wrongfully rescinded their offer of employment. Plaintiff's claim is alleged in sixteen causes of action. The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

  Defendants move to dismiss the complaint pursuant to Fed R. Civ. P. 12(b)(6), and, in the alternative, Fed. R. Civ. P. 12(b)(1). For the reasons below, I grant Defendants' motion and dismiss the complaint. *See* Fed. R. Civ. P. 12(b)(6).

## FACTUAL BACKGROUND

  Plaintiff, a Texas resident and citizen of India, was employed at IBM until his resignation on June 28, 2024. *See* ECF No. 15, ¶¶ 1, 8, 11. On August 21, 2024, Plaintiff received a conditional offer letter for employment from Deloitte Consulting to work in their Dallas, Texas office. *See id.* at ¶ 6; ECF No. 25-2. The letter, sent from Deloitte Consulting's New York office, detailed that it would be "construed and governed in accordance with the laws of the State of New York..." *See* ECF No. 25-2. The letter provided Plaintiff with a tentative start date of October 7, 2024, "or on a mutually agreed upon alternate date acceptable to Deloitte Consulting LLP." *Id*. The offer, and Plaintiff's employment, was "conditional upon the

1

successful completion of a background investigation" and designated that Plaintiff's employment would be "at will" and could be terminated "for any reason or no reason, with or without notice, with or without cause." *Id.* Plaintiff remotely signed the offer letter, initialed each qualifier, and submitted his Background Investigation Questionnaire, that same day. *See* ECF No. 15, ¶¶ 10-11.

Plaintiff alleges that he listed IBM as his "Current Employer." He claims that the form would not work when he marked himself as currently unemployed. He alleges that the following day, he emailed Deloitte personnel and said he was "done with" his "employment with IBM." *See id.* at ¶¶ 13, 14. Deloitte Consulting agreed to sponsor Plaintiff's H-1B visa. *See id.* at ¶¶ 10-11, 15. On August 22, 2024, Plaintiff advised Defendants he would imminently be traveling out of the United States, following the conclusion of his employment with IBM. *See id.* at ¶¶ 14.

Plaintiff reentered the United States on December 26, 2024, under Deloitte Consulting's H-1B sponsorship. *See id.* at ¶ 17. Defendants engaged Plaintiff in a series of back-and-forth requests relating to his background check. *See id.* at ¶ 16, 18-21, 23.

On January 22, 2025, Plaintiff was informed by Deloitte Consulting that his background investigation was still in process, and once Deloitte received the results, they would reach out with an update. *See id*. at ¶ 25. The following day, First Advantage, Defendants' background check vendor, confirmed successful completion of their background examination of Plaintiff. *See id*. at ¶¶ 26-27.

2

On January 30, 2025,[1] Deloitte withdrew Plaintiff's offer. *See id.* at ¶ 28. That day, Plaintiff visited Deloitte's Dallas office, where "security took his badge and corporate credit card and escorted him out." *Id.* at ¶ 30.

On February 27, 2025, Plaintiff submitted a complaint with the Department of Labor regarding Defendants' alleged H-1B visa violations. *See id.* at ¶ 34. On March 19, 2025, Defendants denied his allegations in an email response and offered to support his return to India. *See id.* Plaintiff then filed this action. *See id.* at ¶¶ 36, 38.

### LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead facts that, accepted as true, state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). In considering a motion to dismiss, the Court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993).

A complaint is deemed to include any written instrument attached to it as an exhibit, any statements or documents incorporated in it by reference, and documents not incorporated by reference, but which nevertheless are "integral" to the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). Here, the Court considers the parties' offer letter agreement, which is referenced extensively in the complaint. *See* ECF No. 25-2 (the offer letter agreement).

---

[1] Plaintiff's complaint and Defendants' motion papers differ on certain facts, including the day on which Plaintiff's offer was rescinded. *Compare* ECF No. 15, ¶ 28 *and* ECF Nos. 19, 21-8. At the pleading stage, the Court does not resolve factual disputes and accepts the allegations in the complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

**DISCUSSION**

## I.    Fair Credit Reporting Act Claim (Fourth Cause of Action)

Plaintiff asserts a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.  Plaintiff's FCRA claim is in two substantive parts, arguing that Defendants failed to provide Plaintiff a reasonable opportunity to dispute inaccuracies in his background check before rescinding his offer, as required by 15 U.S.C. § 1681b(b)(3), and that Defendants failed to provide proper notice of their intent to take adverse action under 15 U.S.C. § 1681m.

### A. 15 U.S.C. § 1681b(b)(3)

15 U.S.C. § 1681b(b)(3) provides, "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates (i) a copy of the report; and (ii) a description in writing of the rights of the consumer."

"To state a claim for civil liability based on Section 1681b, a plaintiff must allege [the Defendants'] … violation was willful or negligent." *Perl v. Am. Exp.,* No. 12-CV-4380 ER, 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012) (cleaned up, citations omitted).  "[I]n order to survive a motion to dismiss, the plaintiff's complaint must allege specific facts as to the defendant's mental state …. Merely stating that the violation was 'willful' or 'negligent' is insufficient." *Braun v. United Recovery Sys., LP*, 14 F. Supp. 3d 159, 167 (S.D.N.Y. 2014).

Plaintiff's allegation that "Defendants' violations of the FCRA were willful and/or negligent" is conclusory and provides no specific facts as to Defendants' mental state. ECF No. 15, ¶ 68.

4

**B. 15 U.S.C. § 1681m**

"[O]nly Federal agencies and officials can enforce Section 1681m." *Rosa v. Mandarich L. Grp.*, LLP, 2023 WL 4561830, at *13, n.18 (S.D.N.Y. July 17, 2023); *see also* 15 U.S.C. § 1681m(h)(8)(B) ("This section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section."). Because Congress "intended to preempt private causes of action to enforce § 1681m," Plaintiff lacks the ability to assert a claim under that section, and any such claim must be dismissed. *Perry v. First Nat. Bank*, 459 F.3d 816, 823 (7th Cir. 2006).

As both of Plaintiff's FCRA claims fail, Plaintiff's Fourth Cause of Action is dismissed.

## II.    Contract, Quasi-Contract, and Contract-Related Claims (Third, Fifth, Eighth, Tenth, and Eleventh Causes of Action)

Plaintiff asserts numerous contract and quasi-contract claims, including breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and unjust enrichment. Plaintiff also asserts a negligent hiring and supervision claim related to his contract.

New York State law governs the agreement between the parties. *See* ECF No. 25-2; ECF No. 15, ¶ 6; ECF No. 19.

### A.  Breach of Contract

Plaintiff alleges Defendants breached his employment contract when they "wrongfully rescinded Mr. Meka's offer based on baseless claims." ECF No. 15, ¶¶ 59-60. However, Plaintiff's offer letter made any prospective employment at will. *See* ECF No. 25-2

(noting Plaintiff's employment was to be at "will" and he could be terminated "for any reason or no reason, with or without notice, with or without cause.").

Plaintiff's allegation that Defendants "wrongfully rescinded" his offer is without merit; Plaintiff's employment was "at will, and Defendants had the right to terminate Plaintiff with or without cause. *See Hughes v. Standard Chartered Bank, PLC*, No. 09 CIV. 4595 (PKC), 2010 WL 1644949, at *6 (S.D.N.Y. Apr. 14, 2010) ("Because the amended complaint does not rebut the presumption that [plaintiff] was an at will employee, the defendants' motion to dismiss the breach of contract claim is granted."); *Gencarelli v. Cablevision Sys. Corp.*, 2012 WL 1031441, at *3 (E.D.N.Y. Mar. 27, 2012*); Monaco v. Saint Mary's Hosp. of Troy Inc*., 184 A.D.2d 985, 985, 585 N.Y.S.2d 589, 590 (1992) (rescissions of an at will employment offer do not constitute actionable wrongdoing).

## B. Promissory Estoppel

Plaintiff's promissory estoppel claim fails for the same principal reason—he could not have reasonably relied on Defendants' obligations under the offer letter, as Defendants could terminate him at any time, for any reason or no reason. *See Aziyz v. Cameca*, No. 1:22-CV-579, 2023 WL 6065850, at *19 (N.D.N.Y. Sept. 18, 2023) (citing cases); *Blodgett v. Siemens Indus., Inc.*, No. 13-CV-3194 JMAAKT, 2018 WL 385477, at *5 (E.D.N.Y. Jan. 11, 2018) ("It is well-established that at-will employees cannot reasonably rely on representations supposedly promising them continued employment in the future.").

## C. Implied Covenant of Good Faith and Fair Dealing

Plaintiff claims that Defendants violated the implied covenant of good faith and fair dealing, which, he asserts, is present in "every contract" under New York law. ECF No. 15, ¶ 96.

Similar to the discussion above, it is "well-settled New York law holds no implied covenant of good faith and fair dealing attaches to at-will employment contracts." *Grewal v. Cuneo Gilbert & LaDuca LLP*, No. 13-CV-6836 (RA), 2017 WL 1215752, at \*10 (S.D.N.Y. Mar. 31, 2017), aff'd, 803 F. App'x 457 (2d Cir. 2020) (*quoting Nunez v. A-T Fin. Info. Inc.,* 957 F. Supp. 438, 443 (S.D.N.Y. 1997)).

### D. Unjust Enrichment

"The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004) (citation omitted). An unjust enrichment claim is "available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790, 967 N.E.2d 1177, 1185 (2012).

Defendants argue Plaintiff's unjust enrichment claim is duplicative of his contract claims and should be dismissed. *See* ECF No. 19. Plaintiff contends his contract claims are not duplicative as there is "a bona fide dispute . . . whether the scope of an existing contract covers the disagreement between the parties." ECF No. 24 (*quoting Pauwels v. Deloitte LLP*, 78 F.4th 98, 193 (2d Cir. 2023)). Specifically, Plaintiff argues that Defendants were unjustly enriched by fulfilling diversity hiring obligations, maintaining H-1B cap numbers, and using and deploying Plaintiff and his credentials in representations to clients and government entities. *See id*.

Plaintiff's allegations are too speculative and conclusory to constitute cognizable benefits for the purposes of unjust enrichment. *See Kaye v. Grossman*, 202 F.3d 611, 616 (2d

Cir. 2000) ("a specific and direct benefit [is] necessary to support an unjust enrichment claim.");

ECF No. 15, ¶ 116 (Plaintiff noting that Defendants hiring him "*potentially* fulfill[ed] diversity

hiring initiatives or federal contractor obligations.") (emphasis added).

Furthermore, these alleged benefits were received because Plaintiff entered into

the contract and therefore are duplicative of his breach of contract claims.

### E. Negligent Hiring and Supervision

"To establish a cause of action based on negligent hiring, retention, supervision,

and training of an employee, a plaintiff must demonstrate that the employer knew or should have

known that the employee had a propensity for the conduct which caused the plaintiff's injury."

*Olsen v. Butler*, 227 A.D.3d 916, 918, 211 N.Y.S.3d 476, 478 (2024) (cleaned up). "Where an

employee is acting within the scope of his or her employment," the employer may be found

liable under the theory of respondeat superior, but "no claim may proceed against the employer

for negligent hiring or retention." *Rossetti v. Bd. of Educ. of Schalmont Cent. Sch. Dist.*, 277

A.D.2d 668, 670, 716 N.Y.S.2d 460, 462 (2000) (citing cases).

Here, Plaintiff alleges a system-wide failure, not the misconduct of any single

employee. *See* ECF No. 15, ¶ 111. ("Defendants breached this duty by… implementing a

fundamentally flawed background check system"). Nor does Plaintiff's complaint allege a

propensity of employee misconduct caused his injury—solely that employees failed, in this

instance, to "ensure proper communication between departments handling immigration matters

and those conducting background checks; and … to implement policies to protect" him from

pretextual termination after his entry into the United States. *Id.* Finally, Plaintiff does not allege

any employee acted outside the scope of their employment.

8

For the reasons above, Plaintiff's Third, Fifth, Eighth, Tenth, and Eleventh Causes of Action are dismissed.

### III.    H-1B Claims (First, Second, and Thirteenth Causes of Action)

The H-1B Program was established under the Immigration and Nationality Act ("INA") and "allows employers, under closely regulated circumstances, to hire non-immigrant foreign individuals for work in certain temporary positions." *Aleutian Cap. Partners, LLC v. Scalia*, 975 F.3d 220, 224 (2d Cir. 2020). The INA "contains a comprehensive administrative scheme to redress alleged violations of Section 1182(n), which sets forth the requirements of the H-1B visa program." *Gupta v. Headstrong, Inc.*, 2013 WL 4710388, at *3 (S.D.N.Y. Aug. 30, 2013).

"Section 1182(n) does not provide for a private right of action." *Compunnel Software Grp., Inc. v. Gupta*, No. 14 CIV. 4790 SAS, 2015 WL 1224298, at *3 (S.D.N.Y. Mar. 17, 2015) (citing cases); *see also Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 423–24 (4th Cir. 2005). Enforcement of the INA's H-1B provisions rests with the Department of Labor under a regulatory scheme that "contemplates judicial review after the administrative process has been completed." *Compunnel*, 2015 WL 1224298, at *3.

Plaintiff asserts Defendants willfully violated statutory and regulatory provisions governing the H-1B visa program. *See* ECF No. 15, ¶¶ 39-55, 133-142. Plaintiff argues[2] that he will suffer immediate and irreparable harm and that excuses exhaustion. Plaintiff alleges that he

---

[2] Plaintiff also argues that exhaustion should be excused here because his administrative complaint was withdrawn after the Department of Labor advised it could not proceed concurrently with this litigation. *See* ECF No. 24. Because these facts were not pleaded in Plaintiff's complaint, I do not consider them here. *See Ward v. Andrews McMeel Pub., LLC*, 963 F. Supp. 2d 222, 231 (S.D.N.Y. 2013) ("new facts and allegations, first raised in a Plaintiff's opposition papers, may not be considered in deciding a motion to dismiss") (cleaned up, citation omitted).

"faces ongoing immigration complications, reputational harm, and health deterioration concerns that administrative proceedings cannot remedy." *Id.*

Plaintiff's arguments do not create a private right of action where Congress did not intend one. Accordingly, Plaintiff's First, Second, and Thirteenth Causes of Action are dismissed. *See* Fed. R. Civ. P. 12(b)(6).

## IV.    Intentional Infliction of Emotional Distress Claim (Sixth Cause of Action)

Under New York law a claim for intentional infliction of emotional distress "requires a showing of '(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress.'" *Rich v. Fox News Network, LLC*, 939 F.3d 112, 122 (2d Cir. 2019) (*quoting Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (1993)).

Conduct sufficient to assert a claim of intentional infliction of emotional distress must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Conboy v. AT & T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001) (*citing Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999)).

Plaintiff claims that Defendants' conduct towards him constitutes intentional infliction of emotional distress. In support of his allegations that Defendants' conduct was extreme and outrageous, Plaintiff cites his unique vulnerability in his immigration status, and his psychological, physical, and financial losses as a result of Defendants' conduct. *See* ECF Nos. 15, ¶ 82.

Even accepting all of Plaintiff's factual claims as true, Defendants' conduct does not cross the high threshold of extreme and outrageous conduct in an intentional infliction of emotional distress claim. *See Conboy*, 241 F.3d at 258; *Vinayagam v. Malpani*, No. 3:22CV6 (DJN), 2022 WL 4131197, at *11 (E.D. Va. July 29, 2022), *aff'd*, No. 22-1959, 2023 WL 7101167 (4th Cir. Oct. 27, 2023) (noting a dispute between parties about employment and immigration status did not constitute sufficiently outrageous conduct for intentional infliction claims).

Plaintiff's Sixth Cause of Action is dismissed.

## V.    Fraud and Misrepresentation Claim (Seventh Cause of Action)

To comply with Rule 9(b) of the Federal Rules of Civil Procedure, a claimant alleging fraud "must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank*, N.A., 459 F.3d 273, 290 (2d Cir. 2006) (*quoting Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)).

"'[N]o cause of action for fraud is stated or exists where the only fraud charged relates to a breach of the employment contract.'" *Mosallem v. Matrix Int'l Logistics, Inc.*, No. 03 CIV. 7626 (LLS), 2004 WL 97690, at *2 (S.D.N.Y. Jan. 20, 2004) (*quoting Dalton v. Union Bank of Switzerland*, 134 A.D.2d 174, 176, 520 N.Y.S.2d 764, 766 (1987)).

Plaintiff claims, without citing caselaw, that the "unique H-1B context involving visa sponsorship and international relocation" created foreseeable dependence. ECF No. 24. As with his promissory estoppel claim, Plaintiff cannot plead reasonable reliance on an at will employment contract. *See Blodgett v. Siemens Indus., Inc.,* 2018 WL 385477, at *6 (E.D.N.Y. Jan. 11, 2018) (citation omitted); *Marino v. Oakwood Care Center*, 5 A.D.3d 740, 774 N.Y.S.2d

11

562, 562 (2004) ("since the plaintiff was offered only at-will employment, she cannot establish reasonable reliance, a necessary element to recover damages on theories of fraudulent misrepresentation, negligent misrepresentation, and promissory estoppel").

Plaintiff's Seventh Cause of Action is dismissed.

## VI.    New York Statutory Claims (Ninth and Twelfth Causes of Action)

"Under New York law, it is a settled rule of statutory interpretation, that unless expressly stated otherwise, no legislation is presumed to be intended to operate outside the territorial jurisdiction of the state enacting it." *Rodriguez v. KGA Inc.*, 155 A.D.3d 452, 64 N.Y.S.3d 11 (2017) (internal quotations and citation omitted).

A choice-of-law "provision indicating only that an agreement will be governed by New York law will not bind the parties for non-contractual causes of action." *Warman v. Am. Nat'l Standards Inst.*, No. 15-CV-5486 (RA), 2016 WL 3676681, at *3 (S.D.N.Y. July 6, 2016) (citing cases).

Plaintiff asserts two causes of action that specifically arise under New York State law: that Defendants violated New York Labor Law, and that they violated New York Human Rights Law. *See* ECF No. 15, ¶¶ 101-108, 120-132.

## A.  Violation of New York Labor Law

New York Labor Law does not apply extraterritorially. *See Warman*, 2016 WL 3676681, at *2 (citing cases). Where a cause of action under NYLL is premised on "*almost exclusively on work performed*" outside of New York, the NYLL is inapplicable. *Kingston v. Int'l Bus. Machines Corp.*, 187 A.D.3d 578, 135 N.Y.S.3d 9, 10 (2020) (*citing Rodriguez,* 155 A.D.3d at 453) (emphasis added). General choice-of-law provisions do not provide for non-

12

contractual causes of action, including NYLL claims. *See Warman*, 2016 WL 3676681, at *3 (citing cases).

Plaintiff argues that Defendants violated New York Labor Law ("NYLL") §§ 191 and 195 by failing to pay him his wages and signing bonus. But he has no basis to claim that NYLL applies to his offer of employment from Defendants. *See Warman*, 2016 WL 3676681, at *3 (holding the language "this Agreement shall be governed by the laws of the State of New York," and Defendant's headquarters being located in New York were insufficient to allow for a NYLL claim). Nor did Plaintiff formally begin work for Defendants or allege to have done any work in New York.

Accordingly, Plaintiff fails to state a claim under NYLL, and his Ninth Cause of Action is dismissed.

## B. Violation of New York Human Rights Law

A nonresident of New York who did not work in the state cannot assert a cause of action under the New York State Human Rights Law (NYSHRL), N.Y. Executive Law § 296. *See Ware v. L-3 Vertex Aerospace*, LLC, 833 F. App'x 357, 358-359 (2d Cir. 2020); *Hoffman v. Parade Publications*, 15 N.Y.3d 285, 291, 933 N.E.2d 744 (2010) ("a nonresident must plead and prove that the alleged discriminatory conduct had an impact in New York" to be covered under the NYSHRL). A choice-of-law provision is insufficient to overcome the required impact analysis under NYSHRL. *See Pedroza v. Ralph Lauren Corp*., No. 19-CV-08639 (ER), 2020 WL 4273988, at *5 (S.D.N.Y. July 24, 2020).

Accordingly, Plaintiff cannot sue under the NYSHRL, and his Twelfth Cause of Action must be dismissed.

**VII.    ERISA Claims (Fourteenth, Fifteenth, and Sixteenth Causes of Action)**

Plaintiff pleads causes of action under the Employee Retirement Income Security Act ("ERISA"), pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), to recover benefits, enforce rights under alleged benefit plans, and obtain equitable relief.  *See* ECF No. 15, ¶¶ 114, 153, 167.

Civil actions under 29 U.S.C. § 1132(a)(1) and (a)(3) may be brought by participants.  ERISA defines a "participant" as "any *employee or former employee* … who is or may become eligible to receive a benefit of any type from an employee benefit plan…"  29 U.S.C. § 1002(7) (emphasis added).  The Supreme Court has construed this definition to mean "either *employees* in, or reasonably expected to be in, currently covered employment, or former employees who have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits."  *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989) (citations omitted, emphasis added).

Because Plaintiff's employment never commenced, he was not a participant in any ERISA-governed plan and lacks statutory standing to assert ERISA claims.  Accordingly, his Fourteenth, Fifteenth, and Sixteenth Causes of Action are dismissed.  *See* Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted.  The complaint is dismissed.  If Plaintiff believes in good faith that he can allege a legally sufficient claim for relief, Plaintiff may file an amended complaint by January 22, 2026.  The Clerk shall terminate ECF No. 18.

SO ORDERED.

Dated:        December 30, 2025
              New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

14