UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ANUDEEP MEKA,

                Plaintiff,

    -against-

DELOITTE LLP ET AL,

            Defendants.

------------------------------------------------------------------- x

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS SECOND AMENDED
COMPLAINT**

25 Civ. 3547 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

In his Second Amended Complaint, filed on January 23, 2026, Plaintiff Anudeep Meka asserts causes of action against Defendants Deloitte LLP ("Deloitte") and its subsidiary, Deloitte Consulting LLP ("Deloitte Consulting"). Specifically, Plaintiff's Second Amended Complaint, filed on his behalf and on behalf of others similarly situated, outlines seven causes of action, including: violations of the Fair Credit Reporting Act (FCRA), fraud and misrepresentation, ERISA-based claims, and discrimination on the basis of national origin and disability.[1]

In my order to dismiss dated December 30, 2025, I identified the legal deficiencies in Plaintiff's complaint and granted leave to amend only if "Plaintiff believes in good faith that he can allege a legally sufficient claim for relief." ECF No. 35. Defendants move to dismiss the Second Amended Complaint. See ECF No. 47.

The Second Amended Complaint, filed before Plaintiff formally began to proceed *pro se*, largely repeats theories previously rejected. Although Plaintiff adds factual details, those

---

[1] Plaintiff also moves to stay aspects of his Second Amended Complaint pending competition of an EEOC investigation and the issuance of a right-to-sue letter. *See* ECF No. 45. As explained below, that motion is moot.

1

additions do not materially alter the legal deficiencies identified in the Court's prior order. For the reasons outlined below, Defendants' motion to dismiss is granted.

LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead facts that, accepted as true, state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). In considering a motion to dismiss, the Court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). A court may dismiss a complaint with prejudice if amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018).

DISCUSSION

I.   **Second Amended Complaint**

**A. Fair Credit Reporting Act Claim (First Cause of Action)**

Plaintiff reasserts his earlier 15 U.S.C. § 1681(b) claim. As noted in my initial order granting Defendants' motion to dismiss, "[t]o state a claim for civil liability based on Section 1681b, a plaintiff must allege [the Defendants'] ... violation was willful or negligent." ECF No. 35 at 4 (*quoting Perl v. Am. Exp.*, No. 12-CV-4380 ER, 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012) (cleaned up, citations omitted)). "[I]n order to survive a motion to dismiss, the plaintiff's complaint must allege specific facts as to the defendant's mental state .... Merely stating that the violation was 'willful' or 'negligent' is insufficient." *Braun v. United Recovery Sys.*, LP, 14 F. Supp. 3d 159, 167 (S.D.N.Y. 2014). The added factual allegations do not change the conclusory nature of Plaintiff's claim, which continues to lack specific facts

2

regarding Defendants' mental state. *See* ECF No. 35 at 4.

### B. Fraud and Misrepresentation (Second Cause of Action)

As I noted in dismissing Plaintiff's original fraud claim, "'[N]o cause of action for fraud is stated or exists where the only fraud charged relates to a breach of the employment contract.'" ECF No. 35 at 11 (*quoting Mosallem v. Matrix Int'l Logistics, Inc.*, No. 03 CIV. 7626 (LLS), 2004 WL 97690, at *2 (S.D.N.Y. Jan. 20, 2004)). In his Second Amended Complaint, Plaintiff fails to present facts that distinguish any alleged fraud from his agreement with Defendants.

Nor are Plaintiff's new allegations that he relied on "collateral present facts" related to his relocation and visa status sufficient, given the nature of his prospective at-will employment, to allow recovery on his renewed theory of fraudulent misrepresentation. See ECF No. 38 at ¶ 72; *see also* ECF No. 35 at 11-12 (*citing Marino v. Oakwood Care Center*, 5 A.D.3d 740, 774 N.Y.S.2d 562, 562 (2004)). Any 'collateral facts' arose within the framework of Plaintiff's prospective at-will employment.

### C. ERISA Claims (Third, Fourth, and Fifth Causes of Action)

In my order dismissing Plaintiff's complaint, I held that because "Plaintiff's employment never commenced, he was not a participant in any ERISA-governed plan and lacks statutory standing to assert ERISA claims." ECF No. 35 at 14. In his Second Amended Complaint, Plaintiff again relies on allegations that he received onboarding materials and supplies to contradict that ruling. *See* ECF No. 38 at ¶¶ 19-21, 76-80. The newly alleged facts do not cure the earlier defects, as Plaintiff still fails to plausibly allege that he was a participant in any ERISA-covered plan. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989) (citations omitted).

3

### D. Title VII Claim: Discrimination on the Basis of National Origin / Alienage (Sixth Cause of Action)

For the purposes of this motion, I assume, but do not decide upon, the timeliness of Plaintiff's Title VII claim. To state a claim of national origin discrimination under Title VII, a Plaintiff must plead they suffered an "adverse employment action" based on their national origin and plead facts that create an inference "that any adverse action taken by any defendant was based upon" their national origin. *Baez v. New York*, 56 F. Supp. 3d 456, 466 (S.D.N.Y. 2014), *aff'd*, 629 F. App'x 116 (2d Cir. 2015) (*quoting Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007); *Maldonado v. George Weston Bakeries*, 441 Fed. Appx. 808, 809 (2d Cir. 2011)). Here, Plaintiff alleges that he is of Indian national origin and that his offer was rescinded after being subjected to a "heightened and duplicative background-check." ECF No. 38 at ¶¶ 113-14. Plaintiff's allegations that "[s]imilarly situated applicants and employees who were U.S. citizens and/or not of Plaintiffs national origin were not subjected to the same heightened scrutiny" are conclusory. *Id.* at ¶ 115. Plaintiff pleads no non-conclusory facts linking Defendants' adverse actions to his national origin. Finally, Title VII does not prohibit discrimination on the basis of alienage. *See Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 95 (1973).

### E. ADA Claim: Discrimination on the Basis of Disability (Seventh Cause of Action)

Assuming, but not deciding upon, the timeliness of Plaintiff's ADA claim, an "employer who acts or fails to act without knowledge of a disability cannot be said to have discriminated based on that disability." *Brady v. Wal–Mart Stores, Inc.*, 531 F.3d 127, 135 (2d Cir. 2008) (*quoting Felix v. N.Y.C. Transit Auth.*, 154 F.Supp.2d 640, 657 (S.D.N.Y. 2001)). Plaintiff's Second Amended Complaint fails to plausibly allege Defendants had knowledge of, or

4

regarded him as, disabled, solely noting that "Defendants regarded Plaintiff as disabled and/or as having such impairments." ECF No. 38 at ¶ 121. This conclusory statement is an insufficient basis on which to state a claim. *See Rosich v. La Salle Acad.*, No. 24-09183, 2025 WL 2410596, at \*7 (S.D.N.Y. Aug. 20, 2025) (dismissing ADA claim where plaintiff "has not alleged facts indicating [that their employer] would have had knowledge of" plaintiff's disability). Nor does the Complaint allege facts plausibly showing any of Defendants' actions were motivated by Plaintiff's disability.

## II.    Proposed Class Claims

"Courts in this circuit have repeatedly held that, '[i]n order to maintain a class action, Plaintiffs must first establish that they have a valid claim ... If the named plaintiffs have no cause of action in their own right, their complaint must be dismissed, even though the facts set forth in the complaint may show that others might have a valid claim.'" *Deer Mountain Inn LLC v. Union Ins. Co.*, 541 F. Supp. 3d 235, 252 (N.D.N.Y. 2021), *aff'd*, No. 21-1513, 2022 WL 598976 (2d Cir. Mar. 1, 2022) (*quoting In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 122 (S.D.N.Y. 2002)). Accordingly, Plaintiff's proposed class claims, as outlined in the Second Amended Complaint, are dismissed.

## III.    Motion to Stay

Having dismissed Plaintiff's Second Amended Complaint, I deny his motion to stay administrative proceedings as moot.

### CONCLUSION

Even construing Plaintiff's submissions liberally, no plausible claim is stated. For the reasons stated above, Defendants' motion to dismiss the Second Amended Complaint is granted. Plaintiff has already amended his complaint after receiving detailed notice of the

defects in his claims. The Second Amended Complaint adds no facts that would cure those deficiencies. As further amendment would be futile, Plaintiff's complaint is dismissed with prejudice. Plaintiff's motion to stay is denied as moot.

The Clerk shall terminate ECF Nos. 45 and 46 and close the case.

SO ORDERED.

Dated:    March 25, 2026
          New York, New York

ALVIN K. HELLERSTEIN
United States District Judge